UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE E., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00414 |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ORDER**
**FINDING NO ABUSE OF DISCRETION, AFFIRMING THE DECISION OF THE COMMISSIONER, AND DISMISSING CASE**

Plaintiff Jacqueline E. is a claimant for Social Security Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA"). She brings this action pursuant to 42 U.S.C. § 405(g) to reverse the decision of the Social Security Commissioner that she is not disabled. On November 22, 2019, the court granted Plaintiff's second motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b) due to a change in decisional law based on the Supreme Court's May 28, 2019 decision in *Smith v. Berryhill*, 139 S. Ct. 1765 (2019). (Doc. 28.) The court ordered the parties to submit memoranda addressing whether the Appeals Council erred in its dismissal of Plaintiff's request for review as untimely and whether the matter should be remanded to the Appeals Council for a further determination.

The Commissioner filed his memorandum on December 30, 2019, arguing the Appeals Council "did not abuse [its] discretion in dismissing Plaintiff's request for Appeals Council review due to its untimeliness, [and] dismissal should be affirmed." (Doc. 39 at 1.) On February 5, 2020, Plaintiff filed her memorandum of law, contending the court should remand the case for a decision on the merits because the Appeals Council's good cause determination was not supported by substantial evidence.

Plaintiff is represented by Kenneth R. Hiller, Esq. The Commissioner is represented by Special Assistant United States Attorneys Sandra M. Grossfeld and Elizabeth Rothstein.

## I.   Factual and Procedural Background.

On February 21, 2013, Plaintiff protectively filed an application for Title II benefits, which an Administrative Law Judge ("ALJ") denied on June 8, 2015. Plaintiff did not file a written request for review of the ALJ's unfavorable decision within sixty days as instructed due to an alleged problem with the computer server of her former attorney, Kelly Laga, Esq., which failed to send a reminder to Attorney Laga of the statutory deadline.

Upon discovering her failure, Attorney Laga mailed a letter dated November 17, 2015, acknowledging that her request for review was untimely and seeking review of the unfavorable decision:

> Please accept this as a timely request as our office experienced technical issues stemming from a server update that caused the statute tasks for this claim to be erased. Due to this technical error our office was unaware of the missed deadline until today. We ask that you please allow this appeal to be processed as timely as it was outside the client[']s control and she was unaware of our technical difficulties.
>
> I also <u>request an extension of time</u> in order to submit my legal argument or additional evidence in this case. Please respond in writing to notify me of any extension granted.

(Doc. 38 at 101) (emphasis in original).

On January 12, 2016, the Appeals Council responded in writing to Attorney Laga's letter and stated in part:

> We have granted your request for more time before we act on your case.
>
> **You May Send More Information**
>> You may send us more evidence or a statement about the facts and the law in this case.
>>
>> Any more evidence must be new *and* material to the issues considered in the hearing decision dated June 8, 2015.

2

**We Will Not Act For 25 Days**
>If you have more information, you must send it to us within 25 days of the date of this letter. We will not allow more time to send information except for very good reasons.

. . .

**What Happens Next**
>If we do not hear from you within 25 days, we will assume that you do not want to send us more information. We will then proceed with our action based on the record we have.

*Id.* at 94-95 (emphasis in original). Plaintiff's counsel did not submit additional information to the Appeals Council.

On February 1, 2017, the Appeals Council sent Plaintiff a letter seeking an explanation for her untimely request for review which stated:

**Your Request for Review Was Filed Late**
>Under our rules, if you disagree with the Administrative Law Judge's action, you have 60 days to file a request for review.
>
>The 60 days start the day after you receive notice of the Administrative Law Judge's action. We assume that you received the notice within 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
>In your case, the notice of the Administrative Law Judge's action is dated June 8, 2015. Therefore, the last day you could file your request for review was August 12, 2015.
>
>You filed your request for review on November 18, 2015. There is no statement or other information about why you did not file the appeal on time.

**What You Must Do**
>You should send us a statement showing the reason(s) why you did not file the request for review within 60 days. You should send us any evidence that supports your conclusion.
>
>You may also send us information about when you received the notice of the Administrative Law Judge's action.

**What We Plan To Do**

> . . . If you show that you had a good reason for filing late, the Appeals Council will extend the time period and find your appeal is timey.
>
> If you do not show that you had a good reason for filing late, the Appeals Council will dismiss your request for review.

**We Will Not Act For 30 Days**

> If you have more information, you must send it to us within 30 days of the date of this letter. We will not allow more time to send information except for very good reasons.
>
> . . .

**What Happen Next**

> If we do not hear from you within 30 days, we will assume that you do not want to send us more information. We will then proceed with our action based on the record we have.

*Id.* at 90-91.

More than thirty days later, on March 16, 2017, a legal assistant at Plaintiff's counsel's office called the Appeals Council and informed it that Attorney Laga's November 17, 2015 letter provided the reasons for the untimely filing. Plaintiff contends an unnamed Appeals Council representative stated the Appeals Council would review the letter. Plaintiff now claims that had she known her claim would be dismissed, she would have submitted additional evidence of the server's failure. She provides no rational explanation of why she failed to do so at the time. Indeed, the Appeals Council's statement that "There is no statement or other information about why you did not file the appeal on time[]" (Doc. 38 at 90) should have alerted her that, without more evidence, a dismissal was imminent.

On April 13, 2017, Plaintiff's counsel received a notice and order dated March 27, 2017 from the Appeals Council dismissing Plaintiff's request for review which stated:

> In connection with the request for review, the claimant's representative alleged that their office experienced technical issues stemming from a server update that caused the statute tasks for the claim to be erased. However, no proof was submitted to support this allegation, even after the Appeals Council sent a request for good cause and any evidence that

> supports the explanation to the claimant and the representative on February 1, 2017.
>
> The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision stands as the final decision of the Commissioner.

*Id.* at 5.

Plaintiff filed this action on May 15, 2017. The Commissioner filed a motion to dismiss on September 29, 2017 based on the court's lack of jurisdiction under § 405(g), which Plaintiff opposed. The court granted the Commissioner's motion to dismiss on April 3, 2018, concluding in relevant part that it lacked jurisdiction to review the Appeals Council's dismissal of Plaintiff's request for review because it was not a "final decision . . . made after a hearing" within the meaning of 42 U.S.C. § 405(g). (Doc. 18 at 7.) Judgment was entered on the docket on that date.

On June 8, 2018, Plaintiff moved for reconsideration based on Seventh Circuit precedent and argued that the court had misinterpreted or overlooked controlling law as applied to the facts of the case. On September 7, 2018, the court determined that Rule 60(b)(6) did not afford relief and further concluded it was bound by Second Circuit precedent, which was aligned with "the majority view . . . that the Appeals Council's decision to hear an untimely request for review is discretionary, and refusals of such requests do not constitute final decisions reviewable by district courts." (Doc. 23 at 6) (internal quotation marks omitted).

On October 22, 2018, approximately forty-five days after the court's denial of her motion for reconsideration, Plaintiff filed an untimely notice of appeal, purporting to appeal both the April 3, 2018 Order granting the Commissioner's motion to dismiss and the September 7, 2018 Order denying Plaintiff's first motion for relief from judgment. At the time of her appeal, a petition for certiorari in *Smith v. Berryhill* had been filed. On February 6, 2019, the Second Circuit dismissed Plaintiff's appeal due to failure to file a brief.

5

On May 29, 2019, the Supreme Court unanimously held that the Appeals Council's dismissal of a claimant's untimely request for review of an ALJ's merits decision is a "final decision . . . made after a hearing" as defined in § 405(g) and is, therefore, subject to judicial review. *Smith*, 139 S. Ct. at 1771. On June 5, 2019, Plaintiff filed a second motion for relief from judgment, which the court granted on November 20, 2019 and ordered additional briefing to address whether the Appeals Council erred in its rejection of Plaintiff's request for review as untimely and whether this matter should be remanded to the Appeals Council for a decision on the merits.

Plaintiff did not comply with the court's deadline for additional briefing and her filing was therefore untimely. When Plaintiff asked that her untimely filing be excused *nunc pro tunc* because of "inadvertence[]" that caused her counsel to "fail[] to timely file Plaintiff's brief," the court excused her noncompliance. (Doc. 40-1 at 1.)

## II. Conclusions of Law and Analysis.

A claimant may request review by the Appeals Council of an ALJ's decision on the merits. 20 C.F.R. § 404.1400(a)(4); *see* 20 C.F.R. §§ 404.967-404.981. A claimant must file a written request for review within sixty days after receiving notice of the ALJ's decision, unless the Appeals Council extends that deadline for good cause. 20 C.F.R. § 404.968. "Examples of circumstances where good cause may exist include, but are not limited to, . . . [i]mportant records were destroyed or damaged by fire or other accidental cause." 20 C.F.R. §§ 404.911(b)(3); 416.1411(b)(3). A claimant is deemed to have received notice of the ALJ's decision five days after the date on the notice unless the claimant can establish that she did not receive it within the five-day period. 20 C.F.R. § 404.901. If a claimant does not file a request for review within the stated period, and the Appeals Council does not extend the time for filing for good cause, the Appeals Council will dismiss the request for review. 20 C.F.R. § 404.971.

When considering whether the Appeals Council erred in dismissing a claimant's request for review, the standard of review "as to [an] overall conclusion [by the Commissioner] . . . is abuse of discretion, and substantial evidence as to any fact." *Id.* at 1779 n.19 (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). "[T]he Appeals

Council has discretion in finding whether to extend a plaintiff's time to file for good cause" *Rivera v. Apfel*, 2001 WL 699065, at *3 (S.D.N.Y. June 21, 2001). Where the Commissioner denies a claim because the claimant failed "to submit proof in conformity with any regulation prescribed under subsection (a) of this section [which authorizes the Commissioner to make rules and regulations and to establish procedures], the court shall review only the question of conformity with such regulations and the validity of such regulations." 42 U.S.C. § 405(g). Thus, "in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Smith*, 139 S. Ct. at 1780 (footnote omitted).

In general, "[e]ven if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied." *Steven N. v. Berryhill*, 2018 WL 6629681, at *10 (D. Vt. Dec. 19, 2018) (citing 42 U.S.C. § 405(g)); *see Waters v. Massanari*, 184 F. Supp. 2d 1333, 1341 (N.D. Ga. 2001) ("The scope of [the court's] review is very limited. It cannot put itself in the decision maker's place. It cannot conclude that the Appeals Council abused its discretion just because the [c]ourt might have ruled differently on the same set of facts.").

In this case, Plaintiff filed her request for review over 160 days after the date of the notice of the ALJ's decision. Contrary to Plaintiff's assertion, *Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017) is inapposite because, unlike in *Casey* where a petition for review was dismissed without notice, here the Appeals Council sent two written requests for additional information, which Plaintiff does not dispute that she received. As a result, this is not a case of "bait and switch" as Plaintiff contends. Instead, Plaintiff was presented with an opportunity to provide good cause for her untimely filing and her attorney failed to do so.

As "[i]t [is the claimant's] burden to show good cause," "the court can find no abuse of discretion[]" where Plaintiff failed to present "any retrospective . . . documentation regarding" her untimely filing. *Bowen v. Comm'r of Soc. Sec.*, 2015 WL

7

7281610, at *6 (D. Vt. Nov. 16, 2015). It is unfortunate that Plaintiff rather than her counsel bears the brunt of this outcome, however, the untimely response to the Appeals Council was only one in a series of untimely responses and Plaintiff does not claim to have been either coerced or deceived. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (holding that, absent a showing plaintiff was coerced or deceived into stipulating to the closed period, her "attorney's conduct is imputed to" her). Because the Appeals Council's decision is supported by substantial evidence, applied the correct legal standard, and was not an abuse of discretion, it should not be disturbed. *See Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013) (observing courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the court concludes that the Appeals Council did not abuse its discretion in its dismissal of Plaintiff's request for review. The court therefore AFFIRMS the decision of the Commissioner, and DISMISSES this case.

SO ORDERED.

Dated this 9th day of March, 2020.

Christina Reiss, District Judge
United States District Court